**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF MANUEL JAMINEZ CHUM, Decedent; et al., | No. 12-56748 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-08228-MWF-E |
| v. | MEMORANDUM* |
| CITY OF LOS ANGELES and FRANK HERNANDEZ, Officer, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 10, 2014**
Pasadena, California

Before: KLEINFELD, GRABER, and OWENS, Circuit Judges.

The Estate of Manuel Jaminez Chum appeals from the district court's

judgment upon a jury verdict in favor of the City of Los Angeles and LAPD

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Officer Frank Hernandez. Hernandez shot and killed Chum as he allegedly advanced holding a raised knife. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Chum's estate argues that the district court abused its discretion by admitting testimony that, before the police arrived, Chum grabbed a pregnant woman by the arm and wielded a knife as if he were going to stab her in the stomach. That testimony corroborated Hernandez's account that (1) he arrived on the scene after a civilian told him that a man down the street was attempting to stab a woman with a knife, and (2) he observed Chum pulling a woman by the arm and holding a knife in his other hand. Because the challenged testimony made Hernandez's account more probable, the testimony was relevant, and the district court did not abuse its discretion by admitting it. *See Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 943-45 (9th Cir. 2009).

Second, Chum's estate argues that the district court abused its discretion by admitting witness testimony that illegal swap meets were frequently held in the area where Chum was shot and that the area was congested with unpermitted vendors and their customers at the time of the shooting. The district court did not abuse its discretion by admitting that testimony because counsel for Chum's estate elicited testimony that the crowd was upset by the shooting, which opened the door

to testimony that the crowd may have reacted angrily in response to Hernandez's actions because the ticketing of unpermitted vendors and confiscation of illegal goods had strained relations between the police and the swap meet vendors and customers.  *See United States v. Helina*, 549 F.2d 713, 719 (9th Cir. 1977).

**AFFIRMED.**